ALAN D. GREENBERG
Environmental Defense Section
U.S. Department of Justice
999 18th Street, Suite 370
Denver, CO 80202
Phone: (303) 844-1804
Email: alan.greenberg@usdoj.gov

KURT G. ALME
United States Attorney
LEIF M. JOHNSON
First Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4630
Fax: (406) 657-6058
Email: leif.johnson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>PAUL BUNN and SNYDER LOGGING AND LANDSCAPING, LLC.,<br><br>        Defendants. | CV 20-\_\_\_-M-\_\_\_<br><br><br>COMPLAINT |

The United States of America, through its undersigned attorney, by the authority of the Attorney General, alleges as follows for its complaint against Paul Bunn and Snyder Logging and Landscaping, LLC ("Snyder Logging"):

## NATURE OF THE ACTION

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Mr. Bunn and Snyder Logging for the discharge of pollutants into waters of the United States in Lincoln County, Montana, without authorization by the United States Department of the Army, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Mr. Bunn and Snyder Logging, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Mr. Bunn and Snyder Logging to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in this District pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because Mr. Bunn and Snyder Logging reside and conduct business in this District, the subject property is located

in this District, and the cause of action alleged in this Complaint arose in this District.

5.     Notice of the commencement of this action has been provided to the State of Montana pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6.     The Plaintiff in this action is the United States of America.  Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7.     Defendant Paul Bunn is an individual who resides in Troy, Montana.

8.     Defendant Snyder Logging is a limited liability company that resides in Montana.

9.     At all times relevant to the Complaint, Mr. Bunn owned the real property known as Lots 10A and 12A, Pleasant Meadow Subdivision, located in Section 1, Township 35 North, Range 33 West, in Lincoln County, Montana, which is the subject of this Complaint.

10.    At all times relevant to the Complaint, Mr. Bunn and/or Snyder Logging operated and controlled the earthmoving activities that resulted in the discharge of pollutants into wetlands on Lots 10A and 12A, Pleasant Meadow Subdivision, that is the subject of this Complaint.

## STATUTORY BACKGROUND

11. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

12. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

13. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

14. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and cellar dirt.

15. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

16. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

17. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include an individual and a corporation.

18. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## GENERAL ALLEGATIONS

20. Commencing in approximately 2013, at specific times best known by Mr. Bunn and Snyder Logging, Mr. Bunn and Snyder Logging and/or persons acting on Mr. Bunn's and Snyder Logging's behalf, discharged dredged or fill material into waters of the United States without a permit under CWA Section 404 at Lots 10A and 12A, Pleasant Meadow Subdivision, described above in paragraphs 9 and 10 (hereinafter referred to as the "Pleasant Meadow Property"). This discharge of dredged or fill material was associated with the mechanical clearing, excavating, and grading of wetlands, the stockpiling of excavated materials, and the construction of berms on the Pleasant Meadow Property.

21. The dredged or fill material that Mr. Bunn and Snyder Logging and/or persons acting on their behalf caused to be discharged includes, among other

5

things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

22. Mr. Bunn and Snyder Logging and/or persons acting on their behalf used mechanized earth-moving equipment to accomplish the discharges. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

23. Mr. Bunn and Snyder Logging did not obtain a permit from the Secretary of the Army, acting through the Corps of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a) and 1344.

24. Mr. Bunn owns the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred, and Mr. Bunn and Snyder Logging controlled the activities that resulted in the unauthorized discharge of dredged or fill material into waters of the United States.

25. Mr. Bunn and Snyder Logging conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities at issue in Paragraph 20.

26. Mr. Bunn and Snyder Logging are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

27. Prior to Mr. Bunn and Snyder Logging's activities described in Paragraph 20 above, the Pleasant Meadow Property contained wetlands at the location of Mr. Bunn's and Snyder Logging's activities.

28. These wetlands exhibited hydric soils, hydrophytic vegetation, and wetland hydrology and therefore meet the definition of wetland at 40 C.F.R. § 230.3(t) (1986).

29. The wetlands on the Pleasant Meadow Property at the location of Mr. Bunn's and Snyder Logging's activities directly abut the Yaak River, a relatively permanent river with perennial flow, and/or streams or channels that flow at least intermittently directly or indirectly into the Yaak River.

30. The wetlands on the Pleasant Meadow Property at the location of Mr. Bunn's and Snyder Logging's activities are adjacent to waters of the United States.

31. The Yaak River flows into the Kootenai River.

32. The Yaak River near the Pleasant Meadow Property is a relatively permanent, continuously flowing body of water.

33. The Yaak River and the Kootenai River each form a geographic feature that is described in ordinary parlance as a river.

34. The Yaak River and the Kootenai River are traditional navigable waters.

35. The Kootenai River is listed by the State of Montana as an impaired water under section 303 of the Clean Water Act. The Kootenai River is water quality impaired from the Yaak River confluence to the downstream border with Idaho for aquatic life.

36. The Pleasant Meadow Property contains wetlands that possess a significant nexus to the Yaak River and Kootenai River.

37. The wetlands filled by Mr. Bunn and Snyder Logging at the Pleasant Meadow Property, together with similarly situated lands in the region, served functions important to the health of the Yaak River and Kootenai River watersheds, including but not limited to: base flow regulation and floodwater storage; pollutant filtering; sediment reduction and trapping; and general habitat and food chain production.

38. The wetlands filled by Mr. Bunn and Snyder Logging at the Pleasant Meadow Property, together with similarly situated lands in the region, significantly affect the chemical, physical and biological integrity of the Yaak River and the Kootenai River.

39. The wetlands previously located at the Pleasant Meadow Property and filled by Mr. Bunn and Snyder Logging were waters of the United States and navigable waters under CWA section 502(7), 33 U.S.C. § 1362(7).

40. Mr. Bunn and Snyder Logging have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by the unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Pleasant Meadow Property.

41. Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

42. Unless enjoined, Mr. Bunn and Snyder Logging are likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in the Pleasant Meadow Property, in violation of CWA section 301, 33 U.S.C. § 1311.

## CLAIM FOR RELIEF
(Discharge Into Waters of the United States without a Section 404 Permit)

43. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42.

44. Commencing in approximately 2013, at times better known to Mr. Bunn and Snyder Logging, Mr. Bunn and Snyder Logging and/or persons acting on Mr. Bunn's and Snyder Logging's behalf discharged dredged or fill material into wetlands at the Pleasant Meadow Property, located in Lincoln County, Montana.

45. The wetlands filled at the Pleasant Meadow Property are "waters of the United States" within the meaning of the Clean Water Act and the regulations promulgated thereunder.

46. Mr. Bunn and Snyder Logging did not obtain a permit from the Secretary of the Army for the discharges of this dredged or fill material into waters of the United States as required by the Clean Water Act.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

That Mr. Bunn and Snyder Logging be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the Clean Water Act;

That Mr. Bunn and Snyder Logging be enjoined to undertake measures, at Mr. Bunn's and Snyder Logging's own expense and at the direction of EPA, to effect complete restoration of the Pleasant Meadow Property and/or to conduct mitigation for irreversible environmental damage, as appropriate;

That Mr. Bunn and Snyder Logging be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

That the United States be awarded costs and disbursements in this action; and

That this Court grant the United States such other relief as the Court may deem just and proper.

DATED this 14th day of July, 2020.

/s/ Alan D. Greenberg
ALAN D. GREENBERG
Environmental Defense Section
U.S. Department of Justice
999 18th St., Suite 370
Denver, Colorado 80202
Phone: (303) 844-1366
Fax: (303) 844-1350
E-mail: alan.greenberg@usdoj.gov

KURT G. ALME
United States Attorney
for the District of Montana

/s/ Leif M. Johnson
LEIF M. JOHNSON
First Assistant United States Attorney
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657 6101
FAX: (406) 657 6058
E-mail: LJohnson4@usdoj.gov
***Attorneys for Plaintiff United States***

OF COUNSEL:

Margaret J. (Peggy) Livingston, Attorney
United States Environmental Protection Agency
Region 8
1595 Wynkoop St.
Denver, Colorado 80202

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LEIF M. JOHNSON, First Assistant United States Attorney
District of Montana, 2601 2nd Ave. N, Suite 3200, Billings, MT 59101
(406) 247-4630

## DEFENDANTS
PAUL BUNN and SNYDER LOGGING AND LANDSCAPING, LLC.,

County of Residence of First Listed Defendant  Lincoln County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | |
| | | | | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [X] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
33 U.S.C. § 1319(b) and (d)
Brief description of cause:
Injunctive relief and civil penalties from Clean Water Act violations.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/14/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Leif M. Johnson

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE