IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL BUNN and SNYDER LOGGING AND LANDSCAPING, LLC,<br><br>Defendants. | CV 20–107–M–DLC<br><br>ORDER |

WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint herein against Defendants Paul Bunn and Snyder Logging & Landscaping, LLC (collectively, "Defendants"), alleging that Defendants violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a);

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a) by discharging dredged or fill material and/or controlling and directing the discharge of dredged or fill material into waters of the United States at property adjacent to the Yaak River in Section 1, Township 35 North, Range 33 West, Lincoln County, Montana (the "Site") and more fully described in the Complaint, without authorization by the United States Department of the Army (the "Corps");

WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d);

WHEREAS, this Partial Consent Decree (the "Consent Decree") is intended to constitute a complete and final settlement of the United States' claims against Snyder Logging & Landscaping ("Snyder Logging") under the CWA set forth in the Complaint regarding the Site;

WHEREAS, the United States and Snyder Logging agree that settlement of the claims against Snyder Logging in this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims under the CWA against Snyder Logging in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against Snyder Logging in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, IT IS ORDERED that:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims in the Complaint and over Snyder Logging pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

2. Venue is proper in the District of Montana pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because Snyder Logging conducts business in this District, the subject property is located in this District, and the causes of action alleged in the Complaint arose in this District.

3. The Complaint states claims upon which relief can be granted pursuant to Sections 301, 309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344.

II. APPLICABILITY

4. The obligations of this Consent Decree shall apply to and be binding upon Snyder Logging, its officers, members, agents, employees and servants, and its successors and assigns and any person, firm, association or corporation who is, or will be, acting in concert or participation with Snyder Logging whether or not such person has notice of this Consent Decree.  In any action to enforce this

Consent Decree against Snyder Logging, Snyder Logging shall not raise as a defense the failure of any of its officers, members, agents, employees, successors or assigns or any person, firm or corporation acting in concert or participation with Snyder Logging, to take any actions necessary to comply with the provisions hereof.

### III.  SCOPE OF CONSENT DECREE

5. This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against Snyder Logging under CWA Section 301 concerning the Site.

6. It is the express purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251.

7. Except as in accordance with this Consent Decree, Snyder Logging and Snyder Logging's agents, successors and assigns are enjoined from discharging any pollutant into waters of the United States, unless such discharge complies with the provisions of the CWA and its implementing regulations.

8. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or any other law.  Nothing in this Consent Decree shall limit the ability of the United States Army Corps of Engineers to issue, modify, suspend, revoke or deny any individual permit or any nationwide or

regional general permit, nor shall this Consent Decree limit the EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).

9. This Consent Decree in no way affects or relieves Snyder Logging of its responsibility to comply with any applicable federal, state, or local law, regulation or permit.

10. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

11. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

12. Nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV.  CIVIL PENALTIES

13. Snyder Logging shall pay a civil penalty to the United States in the amount of Ten Thousand Dollars ($10,000), within 30 days after entry of this Consent Decree.

14. Snyder Logging shall make the above-referenced payment by check payable to the U.S. Department of Justice, referencing U.S.A.O. file number (2020A59788), EPA Region 8 and the DOJ case number (90-5-1-1-20880). Payment shall be made in accordance with instructions provided to the Snyder Logging by the Financial Litigation Unit of the United States Attorney's Office for

the District of Montana. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

15. Upon payment of the civil penalty required by this Consent Decree, Snyder Logging shall provide written notice, at the addresses specified in Section VI of this Consent Decree, that such payment was made in accordance with Paragraph 14.

16. Civil penalty payments pursuant to this Consent Decree (including stipulated penalty payments under Section V) are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21 and are not tax deductible expenditures for purposes of federal law.

V. STIPULATED PENALTIES

17. After entry of this Consent Decree, if Snyder Logging fails to timely fulfill any requirement of the Consent Decree, Snyder Logging shall pay a stipulated penalty of $500 per day to the United States for each violation of each requirement of this Consent Decree. Such payments shall be made without demand by the United States on or before the last day of the month following the month in which the stipulated penalty accrued.

18. In the event that a stipulated penalty payment is applicable and not made on time, interest will be charged in accordance with the statutory judgment interest rate provided for in 28 U.S.C. § 1961. The interest shall be computed daily

from the time the payment is due until the date the payment is made. The interest shall also be compounded annually.

19. Snyder Logging shall make any payment of a stipulated penalty by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number (2020A59788), EPA Region 8 and the DOJ case number (90-5-1-1-20880). Payment shall be made in accordance with instructions provided to Snyder Logging by the Financial Litigation Unit of the United States Attorney's Office for the District of Montana. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Further, upon payment of any stipulated penalties, Snyder Logging shall provide written notice, at the addresses specified in Section IX of this Decree.

VI. ADDRESSES

20. All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses:

A. TO EPA:

(1) Margaret Livingston

Legal Enforcement Branch (R08-ORC-LEB-RES)
United States Environmental Protection Agency
Region 8
1595 Wynkoop Street

Denver, CO 80202-1129

(2) Michael Boeglin

Chief, NPDES and Wetlands Enforcement Section
USEPA Region 8
1595 Wynkoop St. (R8-ENF-W-NW)
Denver, CO 80202

B.   TO THE UNITED STATES DEPARTMENT OF JUSTICE

Alan Greenberg, Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 370
Denver, CO 80202

C.   TO DEFENDANT:

Snyder Logging & Landscaping
1622 Pipe Creek Road
Libby, MT  59923

John Bohyer
Bohyer, Erickson, Beaudette & Tranel, P.C.
283 W. Front, Ste. 201 (59802)
POB 7729
Missoula, MT 59807

VII. COSTS OF SUIT

21.   Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action.  Should Snyder Logging subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, Snyder Logging shall be liable for any costs or attorneys' fees incurred by the

United States in any action against Snyder Logging for noncompliance with or enforcement of this Consent Decree.

## VIII. PUBLIC COMMENT

22.     The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate.  Snyder Logging agrees not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified the Defendants in writing that it no longer supports entry of the Consent Decree.

## IX. CONTINUING JURISDICTION OF THE COURT

23.     This Court shall retain jurisdiction over this action to enforce this Consent Decree until such time that the United States provides notice of payment pursuant to Paragraph 25.

## X. MODIFICATION

24.     Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment.  Any modification of this Consent Decree shall be

in writing, and shall not take effect unless signed by both the United States and Snyder Logging and approved by the Court.

## XI. DISMISSSAL WITH PREJUDICE

25. Within 30 days after receipt of the civil penalty and any stipulated penalties and interest due under this Consent Decree, the United States shall provide notice to the Court of such payment, at which time the claims of the United States against Snyder Logging for the violations alleged in the Complaint shall be dismissed with prejudice.

DATED this 19th day of November, 2020.

_____
Dana L. Christensen, District Judge
United States District Court